1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5        FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   ADVANCED MULTILEVEL CONCEPTS,    ) Case Nos. 11-6679-SC
    INC. and ABLE DIRECT MARKETING,  )
8                                    ) ORDER DENYING PLAINTIFFS'
        Plaintiffs,                  ) MOTION FOR ATTORNEY FEES
9                                    )
10              v.                   )
                                     )
11  STALT, INC., and DOES 1 through  )
    30, inclusive,                   )
12                                   )
13      Defendants.                  )
                                     )
14  _____ )

15

16      Plaintiffs Advanced Multilevel Concepts and Able Direct

17  Marketing (collectively, "Plaintiffs") bring this case in

18  connection with allegedly unlawful stop orders imposed on their

19  shares of VitaminSpice.  Plaintiffs have sued Stalt, Inc., the

20  transfer agent that allegedly imposed the stop orders; Hillard M.

21  Sterling ("Sterling"), the attorney who allegedly counseled

22  VitaminSpice to issue the stop orders; and Freeborn & Peters LLP

23  ("Freeborn & Peters"), Sterling's former law firm.  On May 21,

24  2012, the Court granted Sterling and Freeborn & Peters'

25  (collectively, the "Freeborn Defendants") motion to dismiss for

26  lack of personal jurisdiction, but denied their motion for Rule 11

27  sanctions.  ECF No. 57.

28      Plaintiffs now move the Court to award them the attorney fees

United States District Court
For the Northern District of California

they incurred in defending against the Freeborn Defendants' Rule 11 motion.  ECF No. 61 ("Mot.").  Specifically, Plaintiffs seek $12,750.  Plaintiffs' Motion is fully briefed.  ECF Nos. 64 ("Opp'n"), 68 ("Reply").  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument.

Plaintiffs' motion is brought pursuant to Rule 11's fee-shifting provision.  The fee-shifting provision is not automatic.  A prevailing party on a Rule 11 motion is only entitled to recover reasonable fees and costs where the court finds that such an award is "warranted."  Fed. R. Civ. P. 11(c)(2).  At least one court has held that the prevailing party need not show that a Rule 11 motion is frivolous in order to recover.  See EEOC v. Tandem Computers, 158 F.R.D. 224, 229 (D. Mass. 1994) ("This sanction is available whether or not the motion itself violated Rule 11.").  However, the authority cited by Plaintiffs indicates that something more than an unavailing Rule 11 motion is required to justify the award of fees.  See Netbula, LLC v. Bindview Dev. Corp., 2007 U.S. Dist. LEXIS 44460, 9-10 (N.D. Cal. June 11, 2007) ("Netbula's Rule 11 request clearly was not compliant with the Rule"); Robinson v. City of San Bernadino, 992 F. Supp. 1198, 1208 (C.D. Cal. 1998) (characterizing the Rule 11 motion at issue as "frivolous"); EEOC, 158 F.R.D. at 229-30 ("Tandem's persistence in rehashing the same arguments time and again without success can be viewed as nothing but harassment at this juncture.").

The Court concludes that an award of attorney fees is not warranted here.  Plaintiffs have not articulated a compelling reason for such an award.  Rather, Plaintiffs merely argue that

they should be compensated for defending against the Freeborn Defendants' "meritless" Rule 11 motion.  Mot. at 4.  Something more is required.  Plaintiffs may not recover the fees they incurred in defending against the Rule 11 motion merely because that motion was denied.  Plaintiffs also argue that the Freeborn Defendants' Rule 11 motion "needlessly increase[d] the cost of litigation."  Id. But Plaintiffs' motion could be characterized in the same way.[1]

For the reasons set forth herein, Plaintiffs' motion for fees is DENIED.


IT IS SO ORDERED.


Dated: August 7, 2012

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

---

[1] The Freeborn Defendants should not take this as invitation to move for an award of the attorney fees incurred in defending against the instant motion.